Judge Mills
delivered the opinion.
This is a bill in chancery, setting up an entry for land, against numerous defendants, who claim under entries and patents, not only different from the complainants’ entry, but also from the entries of each other. Some of the defendants appeared and filed a plea of abatement, and others answered. Some, however, were never servtd with process, and those defendants, or some of those who filed the plea in abatement, afterwards answered. After these proceedings, the following final order appears in the cause:
“This day came the defendants by their counsel, and the complainants having failed to appear and reply to the defendants’ plea, although solemlv called, came not, it is thereFore decreed and ordered that the complainants’ bill be dismissed without prejudice to their right, and that the defendants recover against the living complainants their costs ex-pendeá in defending this suit.”
To reverse this decree, the complainants have prosecuted this writ of error; and by the assignment of error, ques tions the sufficiency of the plea, and the decree of the court, ¡ti dismissing the bill,because the plea was unanswered. We have not thought it necessary or proper to notice the errors assigned in detail, because we are of opinion that the complainants, by their default in that court, in failing to prosecute their suit, have lost the right of question-¡tig the sufficiency of the plea. They might have questioned its sufficiency by setting it for argument, and that court have sustained or set it aside, as its merits required. Rut the decision of that court was not procured thereon, and the complainants failed to appear and demand that decision, and now requires the decision of this court on the *294 point which wag never decided in the court below. As to those defendants who had answered, their answers had been fíled a sufficient length of time to demand a trial, which the complainants failed to give them. And as to those defendants who did not appear and were not served Process, it was competent for the court below, on nei^)er Pa*’*y appearing, as was the fact with respect to them, to dismiss the suit, or rather to enter a non suit, by the exPress *et,er sn act of assembly: See 4 Litt. 180. The court cannot therefore say the suit was improperly disposed of.
Def’ts hav ing answered ?e-' afofent ■time to de mand a tria’, ^^sm'ssth* corop’t.' °
claims When a suit in chancery rious* def’ts deriving title under dis Í1"cí-cIa-ims; of the bill, an attorney’s fee ed°*forbeach class of
Ten dollars fcTa'suH in chancery involving land tules.
The court below, in the taxation of costs, directed the eIerk to include one attorney’s fee of ten dollars to each set defendants who claimed together, and relied in their de-fence on one opposing or adverse claim to that of the complainants; and this order is questioned by the assignment of error as to amount and number of fees. We conceive that this decision or that court was right as to the number of fees allowed. It was competent for the complainants to ^lave suec* ^e^enc^ant®t wh°sc defence or equity was the same separately; and this was the proper mode of bringing the suit originally, and the right to join defendants under different claims by the practice and rules of chancery, might form a doubtful question. This is, however, permitted by the express provisions of an act of assembly, 1 Lilt. 521. But we conceive that the fair construction of this act, and the rules of law and equity, ought not to deprive the defendants, thus united under the act, of that portion of costs to which they would have been entitled had the suit of the complainants below been brought against each separate claim, it might be a question of some doubt whether each defendant, claiming a separate parcel, unconnected with the interest of his co defendants, might not be entitled to a separate attorney’s fee; but there can be no reasonable complaint against allowing a fee to each set of defendants claiming under one original claim, whose interest may frequently not only be adverse to the complainant but even hostile to that of their co-defendants. But the question remains as to the rightful sum, directed to be taxed as an attorney’s fee, the allowance being ten dollars, We have had occasion to investigate what constitutes a r¿ghtful or legal fee to be taxed for an attorney, at the last term in 2 Marsh. 621, in the case of Rankins vs. M’Dowell, in a common law suit; and this case has presented to *295 mí the same question as to a chancery suit. We have been compelled to come to results widely different in the two cases. As observed in the case just cited, the law establishing the circuit court3, 3 Lift. 85, has provided, “that in all cases at law and inequity, where the title or boundaries of land shall come in question in the circuit courts, the attorney’s fee to be taxed in the bill of costs shall be the same as has been allowed heretofore in the district courts, and in all other cases the same fee shall be allowed, as heretofore has been in similar cases, in the quarter session courts.” When we examine what was the allowance in the district courts, in l Litt, 336, it reads thus: “The fees to be taxed in the bill of costs for an attorney, in actions at common law, shall be the same that are allowed in the courts of quarter sessions, and far suits in chancery, the same that are allmeed in the court of appeals
When we pursue the subject to the court of appeals, in 1 Littell, 102, we find this provision: “Upon ail judgments and decrees, given and made ⅛ the court of appeals, the same fees shall be taxed as are now directed to be taxed, in judgments and decrees, in a similar nature in the said supreme court. By a previous part of the act, it will be discovered, that the supreme court for the district of Kentucky, is the one alluded to. The provision regulating the taxation in that court, will be found in the chancellor’s revision, 168; and it fixes the fee of the officers of that court to be the same as then given to the officers of the high court of chancery and general court of Virginia, and applies throughout the regulations in the two last named courts. Being thus referred to these courts, we find tbeir fees to be taxed and collected, were governed by an act of 1778, Chancellor’s Rev. 84. This act fixes the fee in a chancery suit, in a case like the present, where the title or bounds of land came in question, to the sum of ten pounds, which is far beyond, what was allowed by the court below, in the present instance. The fee then to be taxed in a chancery suit where land is demanded, is regulated by the act last referred to, or it is governed by an act of 1788, sess. acts, page 22, cbap. 50, which provides, “That the lawyers practicing in the general court for the district of Kentucky, may demand and receive for any suit at common law, other than the actions hereafter mentioned a fee of thirty shillings, and for any chancery suit, or real or mixed or personal action, where the title or bounds *296 of lands shall or may come in question three pounds ” TW doubt that exists whether this or the act of 177"» governs the question; arises from the former act only directing what a lawyer shall receive from his client, while thelat-ler directs in express words the taxable fee Whether the legislature of Virginia by the act of 1788, created the singularity of a lawyer’s being allowed to receive less from his client; thart bis cliént could recover from his adversary, we have not thought it necessary to delineate, and by the provisions of an act of assembly of last session, the determination may never become necessary. At all events, this case does not require us to decide the matter. For, if the act of 1778 is the rule, the complainant is charged with far less than he ought to have been: and if the act of 1788 is to govern, the taxation of the court below is precisely right. In either event, the plaintiff in error has no right to complain.
Marshall ⅜ Harden for plaintiffs, Crittenden, Bibb §• Hoggin contra.
The decision of the cóurt below is therefore .affirmed with costs.